

POSTED ON WEB SITE

FILED

MAR 3 0 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re ) | Case No. 05-14530-B-11 |
| ) | |
| WESTCOAST ) | Chapter 11 |
| COMMUNICATIONS, LLC, ) | |
| ) | |
| Debtor. ) | DC No. HAR-34 |

**MEMORANDUM DECISION RE MOTION TO VALUE COLLATERAL**

Hilton A. Ryder, Esq., of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, appeared on behalf of Westcoast Communications, LLC (the "Debtor").

Jan L. Kahn, Esq., of Kahn, Soares & Conway, LLP, appeared telephonically on behalf of Maverick Broadband ("Maverick").

Debtor moves to value Maverick's collateral. Maverick did not file an opposition. This Memorandum Decision contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 506, and Federal Rule of Bankruptcy Procedure 3012. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(O). For the reasons set forth below, Debtor's motion to value Maverick's collateral will be granted.

**Facts**

Debtor is in the business of wireless broadband communication. On October 3, 2003, Maverick sold Debtor assets for Debtor's business (the "Assets"). Debtor executed a promissory note in favor of Maverick in the amount of $175,000. The promissory note is secured by a perfected security interest in the Assets.

On June 6, 2005, Debtor filed for chapter 11 bankruptcy relief. In its schedules, Debtor lists the value of Maverick's collateral as $19,000. Maverick timely field a Proof of Claim which valued the Assets at $175,000, the total amount of the obligation under the

promissory note. In its Disclosure Statement, Debtor indicated that it believed the value the Assets to be $50,000. Debtor's modified chapter 11 plan states that the Debtor's opinion of the value of Maverick's collateral is $50,000, but the plan provides that Maverick's claim "shall be treated as a secured claim in the amount to be determined upon further order of this court." After confirmation of the plan, Debtor filed a motion to value the Assets ("Motion to Value"). No written opposition was filed by Maverick.

In support of its Motion to Value, Debtor provided an appraisal by Nathan Sanchez of HDW in Bakersfield, California. According to Debtor's pleadings, Mr. Sanchez has roughly ten years of experience in the buying and selling of wireless communications equipment. The appraisal placed a total value of $3,800 on the Assets.

**Analysis**

Federal Rule of Bankruptcy Procedure 3012 provides that the bankruptcy court may determine the value of a secured claim on the motion of any party in interest. Section 506(a) of the Bankruptcy Code[1] gives the court authority to determine the value of the collateral in light of the purpose of the valuation:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest. . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. . .and is an unsecured claim to the extent that the value of such creditor's interest. . .is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Generally, a creditor's proof of claim constitutes prima facie evidence of the validity and amount of its claim. *In re Brown*, 82 F.3d 801, 805 (8th Cir.1996); Fed. R. Bankr.P. 3001(f). This presumption of the validity of the proof of claim places the burden of producing evidence to rebut the presumption on Debtor. *Id.* However, the ultimate burden of persuasion is on the creditor to prove by a preponderance of the evidence the value of the collateral which secures its claim. *Id.*

---

[1] Unless otherwise stated, all references and symbols referring to the Code, section or sections refers to the United States Bankruptcy Code 11 U.S.C. § 101, et seq., applicable to cases filed before October 17, 2005.

2

The Debtor argues that the Assets have little or no value to the estate. Mr. Sanchez's appraisal places a total value of $3,800 on the Assets. The appraisal states that it is based on the "current market value of each item if it was replaced today." The Supreme Court noted that using the replacement value in connection with valuing collateral is appropriate because of the language in § 506(a) to the effect that the court should value the property in light of the proposed "disposition or use" of the property. *Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 962 (1997). Therefore, this court will accept the replacement value approach as a proper valuation method in this matter.

Maverick did not present any evidence in opposition to the Motion to Value. Therefore, Maverick failed to meet its burden of persuasion as to the value of the collateral. Accordingly, Debtor's Motion to Value Collateral is granted.

**Conclusion**

Based on the foregoing, the Court finds and concludes that the replacement value of Maverick's collateral is $3,800. Accordingly, Debtor's Motion to Value Collateral will be granted. A separate order will be issued.

Dated: March 30, 2006

W. Richard Lee
United States Bankruptcy Judge

Case 05-14530    Filed 03/30/06    Doc 328

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Westcoast Communications, LLC<br>440 N O ST<br>TULARE, CA 93274 | Hilton A. Ryder<br>PO Box 28912<br>Fresno, CA 93729-8912 | Jan L. Kahn<br>219 N Douty St<br>Hanford, CA 93230 |

United States Trustee
2500 Tulare St #1401
Fresno CA 93721

DATED: 3-30-06        By: _____
                          Deputy Clerk

EDC 3-070 (New 4/21/00)